IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN M. ROSE, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | NO. 08-2620 |
| v. | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM**

Giles, J.                                                                                                                   August 21, 2008

## I.   INTRODUCTION

Before the court is Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(b)(7).  For the reasons below, the motion is granted because on the face of the Complaint there is no subject-matter jurisdiction.

On June 4, 2008, Plaintiffs Helen M. Rose and Richard T. Rose, individually and as Administrators of the Estate of Autumn Marie Rose, deceased, filed a Declaratory Judgment Complaint against Defendant Allstate Insurance Company (Docket No. 1).  Plaintiffs allege that Defendant issued an insurance policy to a woman named Melissa Orozco, who is not a party to this action.  Plaintiffs aver that an individual driving Orozco's vehicle struck a vehicle driven by Autumn Marie Rose on January 2, 2007, causing her death.  Defendant has not accepted any claim brought by Plaintiffs against Orozco's insurance policy, and Plaintiffs argue that the failure to do so contravenes the language of the policy and is in bad faith.  Plaintiffs seek a declaratory judgment from this court.

Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(b)(7) (Docket No. 3), arguing, in part, that this court does not have subject matter jurisdiction over this case because the amount in controversy is less than $75,000.  The court agrees that the amount is controversy is not met, and as such, there is no federal jurisdiction.  Because there is no federal jurisdiction, the court will not address Defendant's arguments pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7).

## II. DISCUSSION

### A. Standard of Review

Defendant argues that there is no federal court jurisdiction in this matter because the amount in controversy does not exceed $75,000.  A challenge to standing under Rule 12(b)(1) may take two forms: a facial challenge or a factual challenge.  If a facial challenge is made, the trial court is restricted to a review of the allegations of the complaint and any documents referenced therein.  Gould Electronics Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000.)  Further, "the trial court must consider the allegations of the complaint as true."  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

If the challenge before the trial court is a factual challenge, the court does not accord any presumption of truth to the allegations of Plaintiffs' Complaint.  Turicento, S.A. v. American Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002).  In a factual challenge, the plaintiffs bear the burden of persuasion to show that subject-matter jurisdiction exists, and the court must weigh the evidence relating to jurisdiction.  Id.  "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."

Mortensen, 549 F.2d at 891.  In weighing the evidence regarding jurisdiction, the court has the "discretion to allow affidavits, documents, and even limited evidentiary hearings."  Id. (citations omitted).  The court cannot consider a challenge to subject-matter jurisdiction as a factual challenge until after an Answer has been filed to the Complaint.  See id., 549 F.2d 884, 891-92 (3d Cir. 1977) (stating that a "12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed."); see also Lexington Ins. Co. v. Forrest, 263 F. Supp. 2d 986, 996 (E.D. Pa. 2003); Holland Constr., Inc. v. Kopko, Civil No. 2007-127, 2007 U.S. Dist. LEXIS 9142, *6 (D.V.I. Dec. 7, 2007).  In this case, Defendant has not yet filed an Answer.  The court will proceed to analyze 12(b)(1) challenge as a facial challenge, and therefore, may only consider the allegations of the complaint and any documents referenced therein.  See Gould Electronics, 220 F.3d at 177 (citing Mortensen, 549 F.2d at 891).

For the purposes of the 12(b)(1) determination only, the court must determine whether Plaintiffs' complaint states a claim of bad faith upon which relief can be granted.  In deciding a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff maybe entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  To withstand a motion to dismiss under Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right of relief above the speculative level.'"  Phillips, 515 F.3d at 234 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).  Thus, "'stating . . . a claim

requires a complaint with enough factual matter (taken as true) to suggest' the required element."
Id.

>    B.   On its face, Plaintiffs' Complaint does not meet the amount in controversy requirement to establish diversity jurisdiction.

Plaintiffs' Complaint asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.  Plaintiffs allege that the parties are diverse, and that the amount in controversy is in excess of $75,000.  Defendant argues that the maximum amount that Plaintiffs can recover from Defendant is $50,000 because the Auto Policy at issue, attached by Plaintiffs to their Complaint, has a liability limit of $50,000 for each person.[1]  Plaintiffs concede that the liability limit of the Policy is $50,000.  Defendant acknowledges that Plaintiffs' Complaint alleges bad faith, but Defendant argues that they do not have standing to assert a bad faith claim against Defendant under North Carolina law because there is no privity between Plaintiffs and Defendant.[2]  Critically, Plaintiffs do not dispute

---

[1] Because Plaintiffs have attached the Auto Policy issued by Defendant to their Complaint, and explicitly relied upon it therein, the court is free to consider the policy in its facial evaluation of subject-matter jurisdiction.  See In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that although there is a general rule that in ruling on a motion to dismiss a district court may not consider matters extraneous to the pleadings, there is an exception for "documents integral to or explicitly relied upon in the complaint" "without converting the motion to dismiss into a motion for summary judgment.") (citations omitted).  Plaintiffs acknowledge that Defendant's Auto Policy does have a liability limit of $50,000 for each person.

[2] Defendant also argues that under North Carolina law, a third party lacks standing to bring a declaratory judgment action against the tortfeasor's insurer, and as such, Plaintiffs do not have standing to bring this Declaratory Judgment action against Defendant.  Defendant further argues that the Auto Policy at issue does not grant third parties the right to bring a legal action against Defendant, except in very limited circumstances, which are not present here.

Defendant's summary of North Carolina law.  Instead, Plaintiffs concede that "North Carolina law generally limits bad faith claims to first party actions . . . ."  (Pls. Opp. 9.)  Although Plaintiffs juxtapose this concession with the argument that "insurance policies are to be strictly construed against the insurer, with any ambiguity being resolved in favor of the insured" (Pls. Opp. 9.), this is inapposite to the issue of Plaintiffs' standing to bring a bad faith claim.

North Carolina law does not recognize a claim of bad faith as brought by a third party who is not in privity with the defendant insurer, and who has not obtained a judgment against the defendant insurance company's insured.[3]  See, e.g., Craven v. Demidovich, 615 S.E.2d 722, 724 (N.C. Ct. App. 2005); see also Murray v. Nationwide Mutual Ins. Co., 472 S.E.2d 358 (N.C. Ct. App. 1996); Lavender v. State Farm Mut. Auto. Ins. Co., 450 S.E.2d 34, 35 (N.C. Ct. App. 1994).  Nothing in Plaintiffs' Complaint asserts that there is any privity between Plaintiffs and Defendant.  Furthermore, Plaintiffs do not aver that they have obtained a judgment against Defendant's insured.  Plaintiffs recognize the body of North Carolina law on this issue, and do not offer any contrary legal authority that is on point.

On its face, Plaintiffs' Complaint does not state a claim for bad faith, therefore, Plaintiffs cannot argue that the claim of bad faith supports its argument that the amount in controversy is in excess of $75,000.  On its face, Plaintiffs' Complaint avers an amount in controversy of only $50,000.  Therefore, there is no federal jurisdiction under 28 U.S.C. § 1332.  The court must grant Defendant Motion to Dismiss under 12(b)(1).

An appropriate order follows.

---

[3] Pennsylvania law similarly requires that an individual have privity of contract with an insurer to bring a claim of bad faith against that insurer.  See Johnson v. Beane, 541 Pa. 449, 454 n.3; 664 A.2d 96, 99 n.3 (1995).